IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Adriane E.T. Boulware, | ) | C/A No. 3:17-1110-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Adriane E.T. Boulware, filed this employment case raising claims pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; and state law violations against her employer, South Carolina Department of Health and Human Services ("HHS"). In her Complaint, Boulware asserts causes of action for (1) violation of the FMLA; (2) breach of contract; and (3) breach of contract with fraudulent intent. (Compl., ECF No. 1.) Her FMLA claims stem from her allegations that her direct supervisor, Janet Bell, interfered with her FMLA rights to take leave to care for herself and her parents.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 6.) Boulware filed a response in opposition (ECF No. 13), and the defendant filed a reply. (ECF No. 16.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**DISCUSSION**

A.   **Applicable Standards**

In its motion, the defendant seeks dismissal of Boulware's claims based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines.  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases:  "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual

*PJG*

content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**B.      Boulware's Claims**

   **1.      Self-Care Provision Claims**

In its motion, HHS contends that any FMLA claim Boulware seeks to raise under the self-care provisions of the Act are barred by the Eleventh Amendment. The court agrees, as Supreme Court precedent is clear on this point. See Coleman v. Court of Appeals of Md., 566 U.S. 30 (2012) (distinguishing the FMLA's self-care provision from its family-care provision). Boulware seeks to circumvent this holding by arguing that her self-care claim is "inextricably interwoven" with her family-care claim, for which sovereign immunity has been abrogated by Congress. (See Pl.'s Mem. Opp'n Summ. J. at 9, ECF No. 13 at 9 (relying on Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 740 (2003)). She cites no authority supporting this theory, however, and the court concludes that Coleman controls here. See generally Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89,

*PJG*

121 (1984) ("A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.").[1]

The plaintiff further seeks to avoid the Eleventh Amendment's protection of the defendant on the self-care claim by arguing that HHS has waived its immunity by accepting federal funds for Medicaid. While the United States Supreme Court has recognized that a state may waive its immunity by voluntarily participating in a federal spending program when Congress expresses a clear intent to condition such participation on the state's consent to waive its immunity, see Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 491 (4th Cir. 2005), Boulware points to nothing in the *FMLA* that would satisfy those conditions. Cf. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 246-47 (1985), superseded by statute on unrelated grounds, 42 U.S.C. § 2000d-7, as recognized in Lane v. Pena, 518 U.S. 187 (1996).

Thus, any claim based on the self-care provision fails against this defendant, a state agency, as a matter of law.

### 2. Family-Care Provision Claims

With regard to her claims stemming from the FMLA's family-care provision, the court agrees with the defendant that, although pursuant to Hibbs they are not barred by the Eleventh Amendment, Boulware's claims based on the family-care provision nonetheless fail to state a claim upon which relief can be granted.

---

[1] Boulware's state law claims for breach of contract and breach of contract accompanied by a fraudulent act similarly cannot be pursued in federal court. While she relies on supplemental jurisdiction in asserting that the federal district court may entertain these claims, "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." Pennhurst State Sch. & Hosp., 465 U.S. at 121.



The FMLA requires an employee to show "that the employer violated [the statute] by interfering with, restraining, or denying his or her exercise of FMLA rights" and that "the employee has been prejudiced by the violation." Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002). Actions that constitute interference include discouraging an employee from using such leave. See Glunt v. GES Exposition Servs., Inc., 123 F. Supp. 2d 847, 870 (D. Md. 2000); 29 C.F.R. § 825.220(b). However, for a violation to prejudice the employee, the employee must lose compensation or benefits or suffer other monetary losses as a direct result of the violation or be denied employment, reinstatement, or promotion. See 29 U.S.C. § 2617(a)(1)(A)(i)(II), (a)(1)(B); see also Muldrow v. Blank, No. PWG-13-1200, 2014 WL 938475, at *9 (D. Md. Mar. 10, 2014).

Here, Boulware has not alleged any facts in her Complaint that would plausibly show prejudice from any alleged interference with her family-care FMLA rights or that she is entitled to any relief permitted under the FMLA. To the contrary, it appears that she retains the same status, pay, and benefits she has had since beginning her employment with HHS, and she does not allege facts suggesting that she suffered lost wages, salary, benefits, or other compensation or costs of care. See Montgomery v. Maryland, 72 F. App'x 17, 19 (4th Cir. 2003) (holding that damages under the FMLA are limited to lost or denied wages, salary, benefits, and other compensation and that without such losses, damages are limited to actual monetary losses such as cost of care). Further, equitable relief is unavailable when a plaintiff does not sustain any legally cognizable adverse employment action that needs to be redressed. Montgomery, 72 F. App'x at 19-20.

Notably, Boulware was never denied FMLA leave to care for her family. See Adams v. Anne Arundel Cty. Pub. Sch., 789 F.3d 422, 427 (4th Cir. 2015). The type of conduct that Boulware

alleges she suffered from Bell, such as requiring her to attend weekly "check-in meetings"[2] and extending her probation by sixty days, is not remediable under the FMLA. See Douglas v. Mayor & City Council of Baltimore, Civil Action No. RDB-15-0718, 2016 WL 927146 (D. Md. Mar. 4, 2016) (dismissing an FMLA claim where the plaintiff alleged only that she was reprimanded for using family-care leave and was harassed and humiliated by her supervisor regarding the use of her FMLA leave but did not allege that she had suffered any actual monetary loss or was entitled to injunctive relief); Canady v. Pender Cty. Health Dep't, No. 7:15-CV-17-D, 2016 WL 927180 (E.D.N.C. Mar. 4, 2016) (dismissing an FMLA claim with prejudice under Rule 12(b)(6) because the plaintiff had been paid all wages, benefits, and costs of care incurred). Courts have recognized that supervisory criticism, insensitivity, or hostility that do not result in formal disciplinary action are not sufficient to be actionable. See Adams, 789 F.3d at 428-29; see also Muldrow, 2014 WL 938475, at *10 ("[N]one of the following constitutes an adverse employment action in a retaliation claim: failing to issue a performance appraisal; moving an employee to an inferior office or eliminating the employee's work station; considering the employee 'AWOL'; or issuing a performance improvement plan, an 'Attendance Warning', a verbal reprimand, a formal letter of reprimand, or a proposed termination.") (internal quotations and citation omitted).

Accordingly, Boulware's Complaint is both factually and legally insufficient to state a claim for which relief can be granted. Her claims based upon the family-care provision for interference should therefore be dismissed under Rule 12(b)(6).

---

[2] Although Boulware contends that these "check-in meetings" required her to reschedule her standing physician's appointments on Wednesday mornings to a different day of the week, those appointments were for herself, not either of her parents. As stated above, the defendant is entitled to sovereign immunity with regard to any claim she might have arising out of the self-care provisions of the FMLA.



## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendant's motion be granted. (ECF No. 6.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 22, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).