

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ADRIANE E.T. BOULWARE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:17-01110-MGL |
| | § | |
| SOUTH CAROLINA DEPARTMENT OF | § | |
| HEALTH AND HUMAN SERVICES, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Adriane E.T. Boulware (Plaintiff) brought this lawsuit against her employer, Defendant South Carolina Department of Health and Human Services (Defendant). In her Complaint, Plaintiff alleges claims for violations of the Family Medical Leave Act (FMLA), breach of contract, and breach of contract with fraudulent intent. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Defendant's motion to dismiss be granted as to all claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on August 23, 2017. ECF No. 19. Plaintiff filed objections on September 20, 2017. ECF No. 24. Defendant replied on September 28, 2017. ECF No. 25. The Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first argues the Magistrate Judge erred by recommending Plaintiff's claim under the FMLA self-care provision is barred by the Eleventh Amendment. The Magistrate Judge suggests *Coleman v. Court of Appeals of Md.*, 566 U.S. 30 (2012), is the controlling law on Eleventh Amendment immunity and FMLA self-care claims. Under *Coleman*, the Eleventh Amendment bars FMLA self-care lawsuits against the States. 566 U.S. at 33. Plaintiff avers the Eleventh Amendment does not bar her FMLA self-care claim. Defendant agrees with the Magistrate Judge.

Plaintiff first argues her self-care claim should be controlled by *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003), rather than by *Coleman* because her self-care and family-care FMLA claims are inextricably intertwined. As noted above, the *Coleman* Court held the Eleventh

Amendment bars suits against the States under the FMLA self-care provision. 566 U.S. at 33. In contrast, the *Hibbs* Court held the Eleventh Amendment does not bar lawsuits against the States under the FMLA's family-care provision. 538 U.S. at725. Plaintiff alleges her FMLA self-care and FMLA family-care claims are inextricably interwoven, and should thus be analyzed under *Hibbs*. She provides no support for this claim, however. The Court thus holds this contention to be without merit.

Even if *Hibbs* does not control, Plaintiff argues her situation is novel because her FMLA self-care and family-care claims are intertwined, so the Court should not grant Defendant's motion to dismiss. Plaintiff contends her facts are different from other cases, but the issue she raises is one of application of law. The law here is clear – *Coleman* controls FMLA self-care claims, and *Hibbs* controls FMLA family-care claims. For the foregoing reasons, the Court will overrule Plaintiff's objections as to the Magistrate Judge's recommendation regarding Plaintiff's FMLA self-care claim.

Plaintiff next objects the Magistrate Judge erred in recommending Defendant's motion to dismiss be granted as to Plaintiff's FMLA family-care claim. The Magistrate Judge determined Plaintiff failed to show she suffered prejudice from Defendant's alleged interference with her FMLA family-care leave. The Magistrate Judge also noted the actions Plaintiff alleged she suffered are not violations of the FMLA. The Magistrate Judge thus concluded Plaintiff's Complaint failed to state a factual and legal claim under the FMLA family-care provision, and recommended granting Defendant's motion to dismiss as to that claim. Plaintiff contends she sufficiently alleged she was prejudiced by Defendant's interference, and she suffered legal

damages as a from Defendant's purported violation of her FMLA family-care rights. Defendant again agrees with the Magistrate Judge's analysis.

Plaintiff's claim fails for two reasons. First, Plaintiff alleges Defendant violated her FMLA family-care rights by scheduling a meeting during a protected doctor's appointment, informing Plaintiff others could do her job/were a better fit, and extending her probationary period. Under FMLA, however, an employer is liable to the employee for only the employee's lost compensation and benefits, other monetary losses the employee suffered as a result of the FMLA violation, or for equitable remedies including employment, reinstatement or promotion. *See* 29 U.S.C. § 2617(a)(1). Equitable remedies are unavailable, however, where there is no legal loss under FMLA. *See Montgomery v. Md.*, 72 Fed. App'x. 17, 19-20 (4th Cir. 2003). None of the actions Plaintiff alleges Defendant engaged in here are remediable under the FMLA.

Even if the actions were remediable under FMLA, to state a claim for FMLA interference, Plaintiff must show Defendant interfered with her FMLA rights and she was prejudiced by such interference. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). An employee is prejudiced, however, only if she loses compensation and benefits, suffers other monetary losses as a result of the FMLA interference, or if she is denied employment, reinstatement, or promotion. *See* 29 U.S.C. § 2617(a)(1). Although Plaintiff requested "compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and . . . . reasonable attorney's fee," ECF No. 1 ¶ 51, the Complaint does not contain any allegations Plaintiff suffered lost compensation or benefits, or incurred costs as a result of Defendant's purported interference with her FMLA family-care rights. For those reasons, the

Court overrules Plaintiff's objection to the Magistrate Judge's suggestion as to Plaintiff's FMLA family-care claim.

Plaintiff also argues the Magistrate Judge erred in suggesting the Eleventh Amendment bars Plaintiff's state law claims for breach of contract and breach of contract with fraudulent intent. Though Plaintiff alleged the Court had supplemental jurisdiction over her state law claims, the Magistrate Judge stated supplemental jurisdiction cannot override the Eleventh Amendment. On that basis, the Magistrate Judge recommended Defendant's motion to dismiss be granted on Plaintiff's state law claims. Plaintiff argues her FMLA claim is not barred by the Eleventh Amendment because she presents a novel issue which should not be controlled by *Coleman*, and when Defendant entered into an employment contract with her, it waived any sovereign immunity it may have had from Plaintiff's contractual claims. Finally, Plaintiff requests her state law claims be remanded to state court if this Court cannot hear these claims. Defendant replies that the Magistrate Judge's recommendation was correct, Plaintiff's reliance on state law cases regarding sovereign immunity was misplaced, and Plaintiff's case cannot be remanded to state court because it did not originate there.

As a preliminary matter, Plaintiff originally filed her claims in this Court, not in state court. Thus, this Court cannot remand Plaintiff's state law claims to state court. *See* 28 U.S.C. § 1447(d) (indicating the District Court can issue an Order remanding a case to the state court where the case was originally filed).

Further, as analyzed above, the Eleventh Amendment bars the District Court from hearing Plaintiff's FMLA self-care claim, and Plaintiff has failed to state a claim upon which relief may be granted under the FMLA's family-care provision. Accordingly, Defendant's motion to dismiss

5

is due to be granted as to all of Plaintiff's FMLA claims. Where a District Court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over related claims. 28 U.S.C. § 1367(c)(3). Because it will dismiss Plaintiff's FMLA claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over her state law claims for breach of contract and breach of contract with fraudulent intent. Plaintiff's claim about the State waiving sovereign immunity in relation to those claims is without merit. For those reasons, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendation regarding Plaintiff's state law claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendant's motion to dismiss is **GRANTED**. Plaintiff's FMLA claims are **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims for breach of contract and breach of contract with fraudulent intent are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 4th day of October, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE